IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DOPPLER LABS, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:17-cv-10346-RWZ |
| v. | ) | |
| | ) | Judge: Hon. Rya W. Zobel |
| BOSE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER

Defendant Bose Corporation ("Defendant" or "Bose") responds to the Complaint (Dkt. No. 1) of Plaintiff Doppler Labs, Inc. ("Plaintiff" or "Doppler") in accordance with the numbered paragraphs thereof as follows.

### Introduction

1.      Denied.

2.      As to the first sentence in paragraph 2, Bose is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations, and therefore denies the same.  As to the second sentence in paragraph 2, Bose admits only that Doppler launched a Kickstarter campaign in 2015;  Bose is without knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations, and therefore denies the same.

3.      Bose is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 3, and therefore denies the same.

4.      Bose is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 4, and therefore denies the same.

5.      Bose is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 5, and therefore denies the same.

6.      With respect to the first and third sentences of paragraph 6, Bose denies all allegations.  With respect to the second sentence of paragraph 6, Bose admits only that at that time Mr. Chris Miller's title was Senior Manager of Idea & Portfolio Management and that he pledged $179 to Doppler's Kickstarter campaign; Bose denies the remaining allegations in the sentence.  With respect to the fourth sentence of paragraph 6, Bose admits only that Mr. Miller purchased a second Here Active Listening System.  Bose is without knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 6, and therefore denies the same.  Bose affirmatively avers that Bose did not receive any Doppler confidential or proprietary information through Doppler's public Kickstarter campaign.

7.      With respect to the first sentence of paragraph 7, Bose is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations, and therefore denies the same.  With respect to the second sentence of paragraph 7, Bose admits only that Mr. Miller e-mailed Doppler on June 28 and 30, 2016 to see if an e-mail offer he received from Doppler after he placed his order would still apply to his order.  Bose denies the remaining allegations in the second sentence of paragraph 7.  Bose denies the allegations in the third sentence of paragraph 7.

8.      Bose admits only that on June 17, 2016 it filed an intent to use trademark Application No. 87/075,492 with the U.S. Patent & Trademark Office ("USPTO") to register "Hearphones" in International Class 9.  The application covers the following goods: computer application software for mobile phones, tablets or other mobile devices, namely, software for controlling devices that enhance or amplify ambient sounds; headphones; protective cases for

- 2 -

audio equipment in the nature of headphones; all of the above items sold together as a unit to be used together for the purposes of hearing better, not for medical use.  Bose denies all remaining allegations in paragraph 8.  Bose affirmatively avers that on February 27, 2017, the USPTO approved Bose's Application No. 87/075,492 for publication.

## Parties

9.      Bose is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 9, and therefore denies the same.

10.      Bose admits the allegations in the first sentence of paragraph 10.  As to the second sentence of paragraph 10, Bose admits only that it advertises, markets, demonstrates, offers to sell and sells its Hearphones products at Bose Showcase Stores located at (i) the Burlington Mall, 75 Middlesex Turnpike, Burlington, MA 01803, (ii) Fashion Valley, 7007 Friars Rd #825, San Diego, CA 92108, and (iii) The Mall at Short Hills 1200 Morris Tpke, Short Hills, NJ 07078; and that Bose advertises and markets its Hearphones product on its website at hearphones.bose.com.  Bose denies the remainder of the allegations in the second sentence of paragraph 10.

## Jurisdiction And Venue

11.      Admitted.

12.      Bose denies that its headphones infringe Doppler's trademarks.  Bose admits the remaining allegations in paragraph 12.

13.      Admitted.

## Other Allegations

14.      Denied.

- 3 -

15.     As to the first sentence of paragraph 15, Bose is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations, and therefore denies the same.  As to the second sentence of paragraph 15, Bose denies that Doppler Labs has used the term "Here Buds" as a trademark or source identifier.  Bose is without knowledge or information sufficient to form a belief about the truth or falsity of the remainder of the allegations in the second sentence of paragraph 15, and therefore denies the same.

16.     As to the first and second sentences of paragraph 16, Bose admits only that USPTO records show that on June 3, 2015 Doppler filed U.S. Trademark Application Serial Number 86/649,741, on an intent-to-use basis, for the term Here Buds, in connection with "audio headsets and earplugs for use with mobile phones, computers, laptops, tablet computers, portable music players, portable radios, stationary music players, vehicle sound systems, televisions, set-top boxes, digital video recorders, cable television boxes, video monitors, gaming consoles, communication radios, intercom systems, audio tour systems, and streamed internet audio; audio amplifiers and digital equalizers for controlling and personalizing live audio; Computer software, downloadable computer software and mobile device software for use in controlling and personalizing live audio" in international class 009.  Bose is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in the first and second sentences.  As to the third sentence of paragraph 16, Bose admits only that USPTO records show that on February 18, 2017 Doppler filed a request to divide U.S. Trademark Application No. 86/649,741, and a statement of use with an alleged specimen, in which Doppler claimed that it was using the alleged mark HERE BUDS in connection with "audio headsets, not for hearing impaired or medical purposes, for use with mobile phones and tablet computers."

- 4 -

NAI-1502586999v1

Bose is without sufficient knowledge or information to form a belief about the truth or falsity of the remaining allegations in the third sentence of paragraph 16.

17.     As to the first sentence of paragraph 17, Bose is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations.  As to the second sentence of paragraph 17, Bose admits only that on August 9, 2016, Doppler sent an email to Bose requesting an introductory call or meeting; Bose is without knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations, and therefore denies the same.  As to the third sentence of paragraph 17, Bose admits only that Bose responded in part that it was "impressed with [Doppler's] leadership team and product vision." Bose denies the remainder of allegations in the third sentence of paragraph 17.  As to the fourth sentence of paragraph 17, Bose admits only that in response to Doppler's request, Bernice Cramer, General Manager of Wireless Headphone Business, Kathy Krisch, Director of Emerging Business, Pelham Norville, Director of Business Development, Chris Miller, Senior Manager of Idea & Portfolio Management, and Steve Romine, Director of Corporate Development & Chief IP Counsel, participated in an introductory call  with Doppler on August 22, 2016; Bose denies the remainder of allegations.   As to the fifth sentence of paragraph 17,   Bose denies the allegations.  As to the sixth sentence of paragraph 17, Bose admits only that Bose's Director of Corporate Development & Chief IP Counsel, Steve Romine, agreed to a follow-up meeting with Doppler; Bose denies the remainder of allegations.

18.     As to the first sentence of paragraph 18, admitted. As to the second sentence of paragraph 18, Bose admits only that Doppler and Bose executed a Mutual Non-Disclosure Agreement, and denies the remaining allegations in the second sentence.  As to the third and fourth sentences of paragraph 18, denied.  As to the fifth sentence of paragraph 18, Bose admits

NAI-1502586999v1

only that Director of Corporate Development & Chief IP Counsel Steve Romine responded to an e-mail that Mr. Kraft sent to him after the meeting and that Mr. Romine's response contained the quoted excerpt; Bose denies all remaining allegations in the fifth sentence.  Bose avers that when Doppler sent an executed Mutual Non-Disclosure Agreement to Bose on August 25, 2016, Doppler referred to its communication with Bose as "at the stage where we're still getting to know each other."

19.     Bose admits only that representatives from Doppler met representatives of Bose and demonstrated Doppler's Here One listening system with wireless ear buds and its companion mobile application on October 13, 2016.  Bose is without knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 19, and therefore denies the same.

Bose affirmatively avers the following.  Doppler contacted Bose, unsolicited by Bose, to sell or license its technology to Bose.  Doppler had widely publicized the alleged features and capabilities of its Here One product before it demonstrated the product to Bose.  At the October 13, 2016 meeting between Bose and Doppler, Doppler gave a product demonstration of its Here One product substantially similar to what it had previously demonstrated to the press for publication.  None of the individuals at Bose working on its Hearphones product was exposed to any confidential information from Doppler.

20.     Denied.  Bose affirmatively avers the following.  Prior to the October 13, 2016 meeting, Bose already had a product on the market, its QC®30 headphones, that had controllable noise cancellation.  After the meeting, Bose informed Doppler "[a]s [Bose] mentioned during our meeting last week, several of the features you guys are doing are things we already do (directional hearing, variable ANR, etc.)."  Bose advised that "we don't see enough additional

- 6 -

value for Bose to warrant a deep partnership."   Doppler subsequently contacted Bose again to pursue a business deal, but Bose repeated that, "[your platform is] not at a level of maturity for us to consider incorporating Doppler into Bose products."

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

## Count I

25.     Bose incorporates its responses to the allegations contained in the preceding paragraphs as if fully set forth herein.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

## Count II

31.     Bose incorporates its responses to the allegations contained in the preceding paragraphs as if fully set forth herein.

32.     Denied.

33.     Denied.

34.     Admitted as to Bose, but Bose is without knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 34 as to Doppler, and therefore denies the same.

- 7 -

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

## Count III

40.     Bose incorporates its responses to the allegations contained in the preceding paragraphs as if fully set forth herein.

41.     Paragraph 41 states a legal conclusion to which no response is required.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

## Request For Relief

Bose denies that Doppler is entitled to any relief and objects to the relief requested in subparagraphs (A) through (Q) of Doppler' Request for Relief.

## Affirmative Defenses

Bose submits the following affirmative defenses to the allegations and claims Doppler asserts in the Complaint:

1.     Doppler fails to state a claim upon which relief can be granted.

2.     The alleged conduct underlying Count III did not occur "primarily and substantially" in Massachusetts.

3.     Doppler has unclean hands.

- 8 -

**Demand For Jury Trial**

Bose hereby makes a demand pursuant to Federal Rule of Civil Procedure 38(b) for a trial by jury on all issues triable to a jury.


Dated: March 23, 2017                              Respectfully submitted,

                                                   BOSE CORPORATION

                                                   By its counsel,

                                                   /s/ Christopher M. Morrison
                                                   Christopher M. Morrison (BBO #651335)
                                                   JONES DAY
                                                   100 High Street, 21st Floor
                                                   Boston, Massachusetts 02110
                                                   Telephone:  (617) 960-3939
                                                   Facsimile:  (617) 449-6999
                                                   cmorrison@jonesday.com

                                                   John G. Froemming (*pro hac vice* pending)
                                                   Jessica D. Bradley (*pro hac vice* pending)
                                                   JONES DAY
                                                   51 Louisiana Avenue, N.W.
                                                   Washington, D.C. 20001.2113
                                                   Telephone:  +1.202.879.4693
                                                   Facsimile:  +1.202.626.1700
                                                   jfroemming@jonesday.com
                                                   jbradley@jonesday.com

NAI-1502586999v1

## CERTIFICATE OF SERVICE

I, Christopher M. Morrison, hereby certify that a true copy of the foregoing document filed through the ECF system will be electronically sent to the registered participants as identified on the Notice of Electronic Filing on March 23, 2017.

/s/ Christopher M. Morrison
Christopher M. Morrison

- 10 -